T. F. ALLMON, Appellant,

v.

Rufus N. ALLMON, Administrator of Estate of Joe Allmon, Deceased, Respondent.

No. 7632.

Springfield Court of Appeals.

Missouri.

Oct. 28, 1957.

Esco V. Kell, West Plains, for appellant.

J. Ben Searcy, Eminence, Will H. D. Green, H. D. Green, Jr., West Plains, for respondent.

McDOWELL, Presiding Judge.

This is a proceeding for discovery of assets under sections 462.400 to 462.440 RSMo 1949, V.A.M.S.* December 30, 1955, T. F. Allmon, heir of the estate of Joe Allmon filed a statutory affidavit against Rufus N. Allmon, administrator of the estate of Joe Allmon, deceased, in the Probate Court of Oregon County, Missouri, charging that the latter had failed to inventory or purposely concealed or otherwise wrongfully withheld from said estate property belonging to Joe Allmon, to-wit:

1. $4,000, being the proceeds from the sale of real property of Joe Allmon, deceased, to Doris Weaver.

2. $8,000 in cash.

3. $1,000 in U. S. Government bonds or War Stamp.

4. Amount, rate and interest accrued on $25,000 loan to Rufus N. Allmon.

Interrogatories were filed and answered. These interrogatories related specifically to certain claimed assets belonging to the estate of Joe Allmon, deceased, to-wit: $4,000, the proceeds of a check given to Joe Allmon in 1947 by Doris Weaver, for the purchase price of real estate, and to accrued interest on four promissory notes inventoried in the estate, aggregating $25,000, payable to Joe Allmon, signed by defendant or by defendant and others.

In his answers to the interrogatories defendant denied that he had come into possession of $4,000 during the life of Joe Allmon, which he had failed to inventory in the estate. He admitted that he had had possession of a $4,000 check made by Doris Weaver payable to Joe Allmon, had endorsed his name thereon, deposited it in bank and received the proceeds thereof. In explanation as to the transaction between defendant and Joe Allmon, relating to the $4,000, the answer states: "I did endorse my name on the check, deposited it in Bank and paid out proceeds to Joe Allmon, deceased; I returned the $4,000.00 to Joe Allmon, deceased, on June 12, 1947 by way of a $5,000.00 check which was drawn on the Bank of Mountain View of Mountain View, Missouri, made payable to Joe Allmon, the difference or additional $1,000.00 being for a note I owed him."

* Now **V.A.M.S.** §§ 473.340–473.353.

The defendant's answer to the interrogatories relating to four promissory notes was that the note dated December 12, 1946, for $7,000 bore interest from maturity at the rate of one and one-half per cent per annum. A copy of said note was attached to the answer, which contained a notation or memorandum of interest payments on the back thereof and the dates of such payments showing the interest on such note had been paid as provided by the note.

The note dated December 16, 1948, for $5,000 bore interest at the rate of one and one-half per cent per annum; a copy of this note was attached and made a part of the answer which contained a notation or memorandum of interest payments on the back thereof showing dates of such interest payments and that such interest had been paid as provided by the terms of the note.

The note for $8,000 dated August 10, 1951, bore interest after maturity at the rate of two per cent per annum. A copy of the note was attached and made a part thereof which contained notation or a memorandum of payments of interest on the back of such note and the dates of such payments showing that the interest had been paid to date as provided by the terms of the note.

The note dated March 26, 1949, for $5,000 bore interest from date at the rate of one and one-half per cent per annum. A copy of the note was attached to the answer and made a part thereof which contained notations on the back or a memorandum of interest payments showing the dates thereof and that the interest had been paid as provided by the terms of the note.

The reply was a general denial.

The cause was tried in the Probate Court and judgment rendered for defendant. Plaintiff appealed to the Circuit Court of Oregon County where the cause was transferred, on change of venue, to Phelps County, and there tried with the aid of a jury. At the close of plaintiff's case the court directed a verdict for defendant, from which judgment plaintiff appealed to this court.

We deem it unnecessary to state the facts offered in evidence by plaintiff in proof of the issues involved for the reason that, under plaintiff's assignments of error and in his argument, he complains only of errors of the trial court relative to the pleadings.

In our opinion we will refer to appellant as plaintiff and respondent as defendant, the position they occupied in the Circuit Court.

The first question presented to this court for determination is whether or not defendant's answers to the interrogatories, as to the $4,000 check, constituted an affirmative plea of payment, which the defendant had the burden to prove and since defendant offered no evidence, the trial court erred in sustaining a motion for directed verdict.

In statutory proceedings to discover alleged assets of a decedent's estate the issues are framed by the interrogatories and the answers thereto. In re Lipic's Estate, 362 Mo. 623, 243 S.W.2d 100, 104(1); Sections 462.400 to 462.440 RSMo 1949, V.A.M.S.; Section 131, Laws of Missouri 1955, p. 431; In re Petersen's Estate, Mo.Sup., 295 S.W.2d 144, 145; In re Estes' Estate, Mo.Sup., 166 S.W.2d 1061, 1062(1, 2); Maynard v. McClellan, 236 Mo.App. 352, 156 S.W.2d 770; Dusenbery's Estate v. Stamm, Mo.App., 255 S.W.2d 57; Newell v. Edom, Mo.App., 242 S.W. 701; Wilson's Estate v. Wilson, Mo.App., 164 S.W.2d 73; In re Oberman's Estate, Mo.App., 281 S.W.2d 549. See cases cited in 13 Mo.Dig.,

The proceedings to discover assets are not confined to issues tendered in initial affidavit, but may be expanded by detailed, written interrogatories and answers thereto. White v. Fitzgerald, Mo.App., 263 S.W.2d 454.

The issue as to the $4,000 raises the question of whether or not the defendant returned such money to Joe Allmon in his lifetime, to-wit, June 12, 1947, by a check given by defendant, payable to Joe Allmon in the sum of $5,000 drawn on the Bank of Mountain View.

Defendant's answer to interrogatories concerning the $4,000 in issue denied that he had come into possession of $4,000 during the life of Joe Allmon, which he had not inventoried in the estate, but, admitted that he had had possession of the check for $4,000, made by Doris Weaver, payable to Joe Allmon; that he had endorsed his name on such check, deposited it in the bank and paid out proceeds to Joe Allmon. He stated that he returned the $4,000 to Joe Allmon June 12, 1947, by way of a $5,000 check.

Plaintiff's reply was a general denial. Therefore, the question or issue raised by the pleadings was whether or not defendant did repay or return the $4,000 as pleaded in the answer.

In Limbaugh's Missouri Practice with Forms, Vol. I, p. 809, § 645, the law is stated: " * * * Such interrogatories and answers are not to be considered as evidence except insofar as they contain admissions against the interests of the parties." Starks v. Lincoln, 316 Mo. 483, 291 S.W. 132; Carmody v. Carmody, 266 Mo. 556, 181 S.W. 1148; Newell v. Edom, Mo.App., 242 S.W. 701.

■ We agree with plaintiff that a plea of payment is an affirmative defense and that the burden of proof is upon the one asserting such payment. Section 509.090 RSMo 1949, V.A.M.S.; In re Petersen's Estate, Mo.Sup., 295 S.W.2d 144, 145; Machctinger v. Grenzebach, Mo.App., 282 S.W.2d 200, 202.

■ In his answers to interrogatories defendant admitted possession of the check for $4,000; that he deposited the check in the bank to his account. He admitted the check was the property of Joe Allmon and then pleaded that he returned the money to him. These answers, which were a part of the pleadings, constituted admissions against interest to the effect that defendant did have the $4,000 in his possession and title thereto, which was the property of the deceased. His answer that he returned the money was then an affirmative plea of payment and if he desired to take advantage of such a plea the burden of proof was upon him to show that he had repaid the money to Joe Allmon.

■ Payment has been defined as a discharge in money or its equivalent of an obligation or debt owing by one person to another. Egbert v. Egbert, 235 Ind. 405, 132 N.E.2d 910, 917.

In Sousa v. First California Co., 101 Cal. App.2d 533, 225 P.2d 955, 960, "Payment" is defined: "General meaning of word 'payment' is * * * the discharge of an obligation or giving of compensation."

In Moses v. United States, D.C.N.Y., 28 F.Supp. 817, 818, "Payment" is defined: " 'Payment' of debt is made by debtor's delivery to creditor of money or some other valuable thing, and creditor's receipt thereof, for purpose of extinguishing debt."

"Payment" has been defined as the discharge of a pecuniary obligation by money or what is accepted as the equivalent of a specific sum of money. Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 91, 10 A.L.R.2d 1342. For other authorities see Vol. 31A Words and Phrases, Payment, p. 217.

■■ Under defendant's answers to the interrogatories that he deposited a check for $4,000, the property of Joe Allmon, in the bank to his credit an obligation arose to return this money to Joe Allmon. The answers plead that he complied with this obligation by returning $4,000 on June 12, 1947. This answer constituted payment.

■ We find that the trial court erred in sustaining defendant's motion to dismiss plaintiff's cause of action at the close of plaintiff's case because, under the pleadings, plaintiff had made a prima facie case as to the $4,000 and the burden of proof of payment was upon defendant. Since the defendant offered no testimony he did not assume that burden, and, therefore, the court erred in sustaining the motion to dismiss.

Plaintiff's next contention is that defendant's answers to interrogatories as to the payments of interest totaling $2,915.25 on four promissory notes specifically inquired about in the interrogatories constituted an admission against interest to the effect that he was indebted to the deceased in such amount and that the answers pleaded payment. Plaintiff contends that he made out a prima facie case on the pleadings and the court erred in directing a verdict for the defendant at the close of plaintiff's evidence.

An examination of the interrogatories and the answers thereto, which constitute the pleadings as to the interest indebtedness, show defendant's answers as to each of the notes involved state the rate of interest provided in each of the notes and then attached copies of the notes, with schedules of interest payments noted on the back thereof, which showed that there was no interest due the estate.

██ We cannot agree with plaintiff's contention that these answers contained admissions against interest so as to make the pleadings a prima facie case and to cast the burden of proof upon defendant to prove payment.

██ The answers relative to the interest payments due on these notes were made pursuant to the questions asked and the notations of the payments of interest on the back thereof and the dates such payments were made and where there is no evidence to the contrary, the presumption is that the endorsements were made at the time it purports to bear date, and the burden of proving that date to be false lies with the other party. Carter v. Carter, 44 Mo.Sup. 195; Haver v. Schwyhart, 48 Mo.App. 50, 53; Bell v. Campbell, 123 Mo. 1, 25 S.W. 359.

In In re Lipic's Estate, 362 Mo. 623, 243 S.W.2d 100, 105, Judge Conkling, speaking for the Supreme Court en banc, discussing section 462.400 (the section of the statute under which this action was filed), stated:

"The statute contains three fundamentals of jurisdiction (1) that the person cited to appear in court must have the assets of the deceased in his possession or under his custody and control, (2) that such cited person must have concealed, embezzled or wrongly withheld such assets, and (3) that the assets are the property of the estate in question. * * *"

██ In the instant case it is admitted that the notes, on which there is a claim of unpaid interest, are in the custody and control of the Probate Court, having been inventoried as assets of the estate. The answers to the pleadings wholly fail to constitute evidence that the defendant has concealed or wrongfully withheld such assets. The copies of the notes are a part of the pleadings and they disprove plaintiff's contention that the interest payments are concealed or wrongfully withheld.

Judgment reversed and cause remanded for new trial.

STONE and RUARK, JJ., concur.