Charles BENGIMINA and Tudy Gulotta, d/b/a B & G Amusement Company, Plaintiffs-Appellants,

v.

John ALLEN and Louis Bell, d/b/a Indiana Buffet, Defendants-Respondents.

No. 23925.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1964.

I. I. Ozar, Kansas City, for appellants.

Hammond C. Woods and Dan Boyle, Kansas City, for respondents.

CROSS, Judge.

Plaintiffs instituted this action in magistrate court by filing a statement alleging that defendants had breached a contract entered into by the parties and that by reason thereof plaintiffs were entitled to liquidated damages. Defendants defaulted and judgment was entered against them in the sum of $2000.00. Defendants appealed to the circuit court and the cause was tried to that court, de novo, without a jury. From a judgment in favor of defendants, denying plaintiffs a recovery, plaintiffs have appealed.

By stipulation of the parties the case was tried in the circuit court on an agreed statement of facts. The stipulation and facts agreed upon are quoted as follows:

### "STIPULATION

"Come now the parties by their respective counsel and stipulate and agree that the above-entitled cause coming on to be tried de novo on appeal from the Magistrate Court may be determined upon the following statement of facts, which it is stipulated and agreed are not disputed:

"a. That on or about the 16th day of December, 1957, the parties hereto executed an instrument in writing referred to in plaintiffs' Statement filed in the Magistrate Court as a Contract, a copy of the same being attached and made a part of Appellees' Statement filed in the Magistrate Court;

"b. That the Appellees (plaintiffs below) are entitled to liquidated damages as provided for in said contract in the sum of Two Thousand ($2,000.00) Dollars, if said contract is a valid and

binding contract and enforcible against the Appellants (defendants below);

"c. That on or about the 1st day of February, 1960, the Appellants (defendants below) refused and refrained from operating automatic music machines and other automatic machines furnished by the Appellees (plaintiffs below); that said equipment was removed from the premises operated by the defendants as the Indiana Buffet at 2225 Indiana, Kansas City, Missouri, at Appellants' request and insistence;

"d. That it is further stipulated and agreed that the Appellants (defendants below) contend that the contract aforementioned is illegal, unlawful, void and not enforcible as against the Appellants (defendants below) as a matter of law."

The alleged contract sued upon and referred to in the statement of facts reads as follows:

"MUSIC LOCATION CONTRACT
"THIS AGREEMENT, made and concluded this 16th day of December, 1957, by and between B & G AMUSEMENT COMPANY hereinafter referred to as Company and John Allen & Louis Bell, d/b/a Indiana Buffet hereinafter referred to as Proprietor, Witnesseth:

"In consideration of the mutual covenants hereof, it is agreed:

"Proprietor leases unto Company appropriate space for the operation of automatic music equipment upon premises located 2225-Indiana, Kansas City, Mo. Proprietor also agrees to furnish electric outlets herefore and to permit operation of such equipment during usual business hours and under usual conditions without hindrance.

"It is agreed that the following equipment is to be installed:

"As Rental herefore, it is agreed that the contents of coin boxes of such equipment shall be opened weekly, at which time the Company shall receive the first $2.00 and, thereafter, the remaining moneys shall be divided equally between the Company and the Proprietor.

"Proprietor grants unto Company the exclusive right to operate automatic music machines upon the premises during the full term hereof, and no other person, persons, or corporations shall have the right to operate the same during the full term hereof, including the Proprietor, nor shall any other commercial music system be operated on said premises during the said term.

"Title to all equipment placed by Company, shall at all times be and remain the equipment of the Company and Proprietor agrees that Company may remove the same at any time during the term hereof.

"In the event of any breach of this agreement by the Proprietor, the Company shall have the right to enjoin the Proprietor from operating any other equipment in the said premises by an appropriate action in Equity, the Proprietor agreeing that jurisdiction might vest in Equity without his objection and as cumulative right, it is further agreed that as liquidated damages and not as a penalty, upon such breach, the Company shall be entitled to and shall, at time of breach, receive from Proprietor a sum equal to the average weekly share of the Company prior to the said breach, multiplied by the number of weeks remaining in the unexpired term of the agreement. These rights shall be cumulative.

"It is agreed that this agreement shall continue for a period of four (4) years from the date hereof and thereafter for an additional period of one year and so on from year to year until written notice of termination be received no less than sixty days prior to the end of any term hereof.

"This agreement shall be binding not only on the parties hereto, but also on their heirs, executors, administrators, successors and assigns and, in the event the Proprietor sells his interest in the said premises, that such successor shall be fully bound by the terms of this leasehold agreement.

"This contains all the agreements of the parties, there being no other reservations or understandings.

"Parties certify authority to enter into this agreement.

B & G AMUSTMENT
COMPANY

(signed)  Charles Bengimina  L.S.
————————————————
Company

(signed)  John Allen  L.S.
————————————————
Proprietor

(signed)  Louis Bell  L.S.
————————————————
2225 Indiana
————————————————
Address"

Upon consideration of the stipulated facts the trial court found the issues generally in favor of defendants and against plaintiffs and rendered judgment that plaintiffs take nothing. The court specified no ground for its action.

■ The primary question in this appeal is whether the writing entitled "Music Location Contract" is in fact a valid, binding and enforceable contract, the essential elements of which are universally considered to be (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and, (5) mutuality of obligation. 17 C.J.S. Contracts § 1(1), p. 545.

Preliminarily it may be said that the concept of a legal contract held by both parties is not at variance with the above statement of requirements therefor. Plaintiffs and defendants both recognize and concede that there can be no enforceable contract unless the proposed undertaking is supported by consideration, expresses mutual agreement and imposes mutual obligation upon the negotiating parties. However, the parties differ sharply as to the meaning and effect of the writing they executed.

It is the contention of defendants that although the "Music Location Contract" clearly provides for a consideration from defendants in the form of a promise to allow plaintiffs the privilege of operating music machines on their premises, it provides for "absolutely no consideration flowing from the appellants" because it did not impose any enforceable obligation upon plaintiffs. Specifically, defendants contend that under its terms plaintiffs are under no obligation to furnish defendants automatic music machines or equipment of any other kind or nature. Therefore, defendants say, there was no mutual consideration provided, and the writing did not amount to a valid, enforceable contract.

On the other hand plaintiffs contend that the "agreement" was a bilateral contract containing mutual promises between the two parties, by reason of which both became a promisor and a promisee as well. Each promise, plaintiffs argue, was a benefit to the promisee and a legal burden to the promisor, and, therefore, constituted the necessary consideration for the "contract". Plaintiffs maintain that the proposed undertaking does in fact contain a binding promise on their part to furnish defendants automatic equipment. For that reason they insist that the writing did not lack mutuality between the parties because it imposed mutual obligations upon both. Therefore, urge plaintiffs, the parties consummated an enforceable written agreement.

■ If it be the case that both parties have obligated themselves by mutual promises contained in the paper writing imposing some legal duty or liability on each promisor, there is consideration to support it as a contract, since the one promise furnishes a sufficient consideration to support an action on the other. See 17 C.J.S. Contracts § 97, p. 781; Ragan v. Schreffler,

Mo., 306 S.W.2d 494. If, on the other hand, plaintiffs have not bound themselves to such an obligation by a promise on their part, there is no legal contract between the parties because there is a failure of consideration.

Our examination of the document concerned discloses that defendants are clearly and abundantly bound in obligation to plaintiffs by definitely expressed promises whereby they (1) lease space for the operation of automatic music equipment, (2) agree to furnish electric outlets therefor, (3) permit operation of such equipment, (4) grant defendants exclusive right to operate music machines on the premises, and (5) grant drastic legal rights to plaintiffs in the event the "agreement" is breached by defendants.

In contrast, whether by accident or design, the writing is completely void of any direct, unequivocal expression of agreement on the part of plaintiffs to do or furnish anything. The only language in the entire document that even hints of promise or agreement on the part of plaintiffs to do any act, furnish any article or perform a duty is found in the words "It is agreed that the following equipment is to be installed". Even these words are meaningless since they are not followed by any specification or listing of the "equipment to be installed". The space which follows the quoted words was left blank and contains nothing. Absent from the instrument is any reference to or identification of any specific item, article or thing that can be considered as the subject matter of agreement.

Plaintiffs inform this court by statement contained in their brief that "The equipment was to be one cigarette machine, one bowling machine and one music machine". There is nothing in the writing before us or in the whole record to warrant or support the foregoing statement. It is a bare assertion resting alone on the authority of those who make it. We cannot accept plaintiffs' ipse dixit as a substitute for ma-

terial matter that was omitted from the writing they now seek to establish as a contract. However, this effort to inject extraneous matter into the case is not without significance. It effectively demonstrates the absence of any identifiable subject matter of agreement and that plaintiffs are aware thereof.

■ ■ It is essential to a contract that the nature and the extent of the obligations be certain. If an offer is so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance cannot result in an enforceable agreement. 17 C.J.S. Contracts § 36(2), pp. 647–651; Burger v. City of Springfield, Mo.Sup., 323 S.W.2d 777.

■ ■ It is the general rule and the law in Missouri that "A written agreement may be uncertain because of blanks left therein", – – – 17 C.J.S. Contracts § 36(2), p. 654; and that "A writing is incomplete as an agreement where blanks, as to essential matters, are left in it unless they can be supplied from other parts of the writing itself". 17 C.J.S. Contracts § 65, p. 742. Also see Huttig v. Brennan, 328 Mo. 471, 41 S.W.2d 1054, which quotes the foregoing statements with approval.

In Huttig v. Brennan, supra, the subject of intended contract was certain property which was only generally referred to in the writing but left for identification and description by exhibits to be attached and "made a part of the contract". The exhibits "were not then or ever attached". Under authority of the rule that a writing is incomplete as an agreement where blanks as to essential matters are left in it, the court held that the document concerned was not a contract and stated, "In short, if one of the parties is not bound, neither is. Therefore, if there was no agreement or understanding as to what property respondent and Quinby were contracting for, there was no meeting of their minds on the *essential part* of the contract".

■ In this case, as in the Huttig case, the blank space left in the writing amounts to a fatal omission that prevents it from being a contract. Since no item of equipment to be furnished by plaintiffs is named or identified, there was no understanding or agreement as to what the parties were contracting for and there was no meeting of their minds on the subject matter—an element essential to a valid contract. There is no enforceable promise or obligation, on plaintiffs' part, ascertainable from the writing. Hence there is a failure of consideration and there is no resulting contract.

■ Plaintiffs further argue that there is an "independent consideration provided in the writing running to each of the parties wherein the money received from the equipment shall be divided equally between the company and the proprietor". This contention is without merit. The provision relied upon by plaintiffs provides for a division of proceeds from "such equipment". Since the writing does not obligate plaintiffs to furnish *any* equipment capable of producing revenue, we consider that the money-division proviso is without effect as a promise and constitutes no consideration.

■ ■ Plaintiffs also suggest that part performance of the terms of the writing has caused it to be a valid bilateral contract and enforceable as such. This argument is based upon the fact that some variety of automatic machine was actually installed and operated in defendants' premises until February 1, 1960, on which date the equipment was removed on defendants' demand. The rule of law which governs the instant question is stated in 17 C.J.S. Contracts § 100(3), pp. 802–803, as follows: "While partial performance has been held to satisfy the requisite of mutuality, where the contract is signed by the party to be charged, at least to the extent that the contract is completed, mere part performance of a contract which is not binding on the parties does not make it binding as far as it remains executory". Also see Solice v. T. J. Moss Tie Co., Mo.App., 142 S.W.2d 1079,

wherein the foregoing quoted statement from C.J.S. is cited and relied upon. We necessarily rule that the suggestion has no merit.

It is the separate finding of this court that the writing entitled "Music Location Contract" is not a valid contract, enforceable against defendants.

Therefore, the judgment is affirmed.

All concur.