**UNITED STATES of America**

**v.**

**"2000 PLASTIC TUBULAR CASES, MORE OR LESS, each containing 2 TOOTHBRUSHES and a Leaflet Labeled in Part: (Case) 'Toothbrush Dr. Knox's Gumbrush Training Kit Conqueror of Gum Disease Trench Mouth Pyorrhea Two Brushes & Instructions \* \* \* Cancer Seldom Occurs in a Mouth Correctly Brushed from Youth. \* \* \* Knox Gumbrush Co. Shamokin, Pa.' " (Leaflet in Case) "Read before Using \* \* \* Instructions \* \* \*" and "500 Display Cards, Reading in Part: Did You Know the Toothbrush Was Misnamed? \* \* \*"**

Civ. No. 7549.

United States District Court
M. D. Pennsylvania.

June 25, 1964.

---

4. Section 145(b), Internal Revenue Code of 1939.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for libelant.

Claimant, pro se.

SHERIDAN, Chief Judge.

This is a motion by the United States, libelant, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The underlying case is a civil action in rem arising under the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. wherein the Government seeks to condemn as misbranded while held for sale after shipment in interstate commerce 2,000 plastic tubular cases, each containing two toothbrushes, together with accompanying instructions and advertising literature. An answer to the libel was filed by Dr. Eugene J. Knox, claimant and owner of the toothbrushes.

The contention of the Government is that the article is misbranded because the case label, instruction leaflet in each case, and display card accompanying the article contain statements which represent and suggest that the article is "adequate and effective as a treatment for preventing and overcoming gum disease, pyorrhea, and trench mouth; to prevent cancer, heart disease, defective offspring and loss of teeth; which statements are false and misleading, since the article is not adequate and effective for such purposes".

Claimant denies that he ever stated or represented that the brushes are adequate and effective as a treatment for preventing and overcoming pyorrhea, gum disease and trench mouth, but avers that gum brushing is adequate as an aid in preventing these diseases. Claimant agrees that gum brushing is not adequate in preventing cancer, heart disease and defective offspring and loss of teeth, and denies ever having so claimed. He avers that gum brushing is an aid in the prevention of these diseases.

The case label describes the article as Dr. Knox's Gumbrush Training Kit and includes statements (a) "Conqueror of Gum Disease Trench Mouth Pyorrhea," (b) "Cancer seldom occurs in a mouth correctly brushed from youth," and (c) "Most teeth are lost because people brush incorrectly." The instruction sheet contains statements similar to (c). The display card includes statements similar to (a) and (c), except that the word "preventive" precedes the word "conqueror," and trench mouth and pyorrhea are in parenthesis, and a statement that the article is "a must for engaged couples as the best aid for prevention of cancer, heart disease, and defective birth of their offspring."

Before considering the merits of the Government's motion, certain background data should be noted in explanation of the papers filed in this action, the basis for the Government's motion, and the steps taken to permit claimant to submit data in support of his position.

Subsequent to the filing of claim and answer to the libel, claimant's attorney died. Claimant has submitted papers and letters to show that while he desires representation by counsel, he has been unable to engage any attorney to take up his cause. The Government based its motion on the matters contained in the pleadings, including an amended answer and claim filed by claimant's attorney before his death, answers to interrogatories filed by claimant, and an affidavit by a Government medical doctor. The motion was brought on for hearing just prior to the amendment of Rule 56, which amendment sets forth the matters outside the pleadings which the court may consider in passing on the motion, and points to the importance of counter-affidavits. At and just prior to the hearing on the motion, claimant filed various documents intended apparently to counter the Government's motion and supporting papers, but he did not file an affidavit or other sworn document. After the effective date of the amendment to Rule 56 of the Federal Rules of Civil Procedure, claimant was given an opportunity to file affidavits or other sworn documents in response to the Govern-

ment's sworn matter. This claimant did, with himself as the affiant. Subsequently, a hearing was held for argument by the parties on the motion for summary judgment, as supplemented.

Since the first hearing on the motion, claimant, in addition to his affidavit in response to the Government's affidavit, filed or submitted numerous "affidavits," papers, documents, articles and other data, all of which have much in common. They contain hearsay statements with which claimant attempts to support his position, many statements which are irrelevant to this lawsuit, much repetition, and much impertinent and scandalous matter. Some attack the Masons, Jews, persons within the American Dental Association, the American Medical Association and the Food and Drug Administration, newspapers, and others and various individuals. Others, apparently prepared by claimant, are complimentary to him. In one of these he describes himself as "A man who richly deserves the Nobel Prize for medicine and dentistry." (Some of the subjects covered are: "The Only Fool-Proof Plan Guaranteed To Prevent Atomic Attack On The United States," "Open Letter to the Hon. Congressman George Rhodes from Democrats for Linnet Committee," "Some Comments On How Culture Affects A Scientist," "The Catholic Church and the American Idea," and "Segregation."

■ The Government has not filed a motion to strike this irrelevant, impertinent and scandalous matter. Since the Government's motion for summary judgment will be granted, the court has not ordered it stricken on its own initiative, as permitted by Rule 12(f), Fed. R.Civ.P. See American Machine & Metals, Inc. v. De Bothezat Impeller Co., Inc., S.D.N.Y.1948, 8 F.R.D. 306.

Claimant has admitted that: the article under seizure is a toothbrush, intended for use in the prevention and treatment of disease in man; the unlabeled and unassembled cases and toothbrushes were shipped in interstate commerce by the Owens Brush Company, Iowa City, Iowa, to claimant in Pennsylvania, within this district, prior to and on or about October 27, 1961; the toothbrushes and cases were assembled and labeled and were accompanied by instructions and display cards as previously described, and were in the possession of Knox Gumbrush Company, a sole proprietorship of claimant, who held such articles for sale; and the article is identical in every respect to a common ordinary toothbrush, to be employed for the same purposes that a toothbrush should be used, and is not superior in design but of the same limited utility as any common ordinary toothbrush, and as such cannot get in between the teeth or into difficult areas of the mouth.

■ The article is a device within the meaning of 21 U.S.C.A. § 321(h), which was branded while held for sale after shipment in interstate commerce. The question presented is whether the device was misbranded by labeling which is false or misleading in any particular so as to be subject to seizure and condemnation. 21 U.S.C.A. §§ 334(a), 352 (a).

The wording on the case label, instruction sheet and display card is admitted in answers to interrogatories to be a true and accurate description of the wording on the literature which accompanied the brushes seized in this action. The first disagreement is in the impression created by the wording, the Government contending that the wording makes claim that the brushes are adequate and effective as a treatment to prevent and overcome certain diseases, and to prevent others, while claimant alleges that the literature shows that gum brushing is adequate as an aid in the prevention of all of the listed diseases.

■ There can be no doubt about the meaning ascribed to the literature on the first group of diseases, gum disease, pyorrhea, and trench mouth. The literature describes the claimant and his product as the "conqueror" or "preventive

conqueror" of gum disease, pyorrhea, and trench mouth. To conquer means to overcome, vanquish, subdue. The claim made is that by gum brushing, existing gum disease will be overcome or cured, or at the very lest, gum disease will be prevented. Claimant's contention that the literature describes gum brushing as adequate as an aid in preventing those diseases goes against the clear meaning of the words. To aid means to give help or support to, further, facilitate, assist, contribute to, be of use, help. Such is not the meaning the words "conqueror" and "preventive conqueror" convey. Since the evidentiary facts, that is, the labeling and accompanying literature are not in dispute, an alleged conflict as to the ultimate conclusion to be drawn therefrom when the meaning, as here, is clear, does not raise a genuine issue of fact so as to prevent summary judgment. See Fox v. Johnson & Wimsatt, 1942, 75 U.S.App.D.C. 211, 127 F.2d 729, 736; Clayton v. James B. Clow & Sons, N.D.Ill.1957, 154 F.Supp. 108, 112.

■ The next question is whether the claim that gum brushing will overcome or cure, or prevent gum disease, pyorrhea, and trench mouth is true. As to this question also there is no genuine issue as to any material fact. The Government produced an affidavit by Dr. Joseph B. Davis that gum brushing is ineffective to prevent and overcome gum disease, pyorrhea, and trench mouth; that pyorrhea, trench mouth and other gum disease are caused also by factors other than poor dental and mouth hygiene; and that the frequency and manner of brushing will not prevent or overcome these conditions. The affidavit filed by claimant pursuant to the court's direction so that claimant could meet the requirements of Rule 56 of the Federal Rules of Civil Procedure, is not responsive to the Government's affidavit in many respects. Rule 56(e) provides that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The matters in question are within the realm of expert opinion, but claimant, the affiant, has not set forth his training and experience to show his competency to testify to such matters.[1] The affidavit, as regards gum disease, in large part is composed of hearsay evidence in the form of references to texts, articles and statements by others, as shown on page 6 et seq. of his affidavit. This is insufficient to overcome the Government's affidavit.

Assuming claimant is qualified to testify as to such matters, and that his citation to such works and statements by others are adopted by him and set forth as the basis for matters within his knowledge, claimant has not shown that a genuine issue of a material fact exists with respect to the broad claim of prevention and cure of gum disease, trench mouth and pyorrhea. In his answer claimant denies that any claim was made concerning the adequacy and effectiveness of gum brushing to prevent and overcome those diseases, but states merely that gum brushing is an adequate aid to prevention of such diseases. In effect, claimant admits that such broad claims cannot be sustained. On page 3 of his affidavit, he states, "Claimant claims to be the Preventive Conqueror of Most Gum Disease * * * Gumbrushing correctly employed from youth will prevent most gum disease." This is quite different from a claim that he and his device have conquered gum disease, pyorrhea and trench mouth. Moreover, many of the causative and corrective factors of gum disease, pyorrhea and trench mouth set forth by Dr. Davis, other than oral hygiene, are not denied by claimant, indicating again that claimant's designation as "conqueror" is a false claim.

[1]. At oral argument claimant stated he is a duly licensed and practising dentist with offices in Shamokin, Pennsylvania. On his letterhead he designates himself a "Medical-Dental Researchist."

The use and reliance on these brushes by individuals to prevent and overcome gum disease, pyorrhea and trench mouth could constitute a hazard to the health of the user since such use and reliance could prevent or delay effective means of prevention and treatment which in turn could lead to serious injury. Extravagant claims for an ordinary toothbrush, called by claimant a gumbrush, or a tooth and gum brush, should not be permitted to contribute to these results.

Thus, on the present record the literature with respect to gum disease, pyorrhea and trench mouth presents no genuine issue as to a material fact since its meaning, based on admitted facts, clearly indicates gum brushing will prevent and overcome those diseases, and claimant agrees with the Government's contention that such a broad claim is not true. Other facts essential to the Government's position being admitted, summary judgment with respect to the allegation of misbranding relating to gum disease, pyorrhea and trench mouth is proper.

While the labeling relating to gum brushing as the best aid for the prevention of cancer, heart disease, defective birth of offspring and loss of teeth appears from the documents filed in this case to be false at least in some respects,[2] or at least ambiguous and misleading, in view of the disposition of the motion as it relates to the other diseases, the factual allegations, admissions and denials as to cancer, heart disease, defective birth of offspring and loss of teeth need not be considered. For the Government to prevail, it is not necessary that all the representations in the labeling are false; if any single claim in the labeling is false or misleading, the device is misbranded under § 352(a). United States v. "Vitasafe Formula M", D.N.J.1964, 226 F.Supp. 266; United States v. One Device, More or Less, Etc., E.D.Pa.1963, 224 F.Supp. 265, 268; United States v. One Device,

Intended For Use As A Colonic Irrigator, 10 Cir.1947, 160 F.2d 194, 200; United States v. Hoxsey Cancer Clinic, 5 Cir.1952, 198 F.2d 273.

The motion for summary judgment will be granted and a decree of condemnation will issue.

2. In a document filed June 18, 1963, at page 13, claimant stated, "I claim the answer to the prevention of cancer, not probably, not possibly, but definitely."