**Mary OGILVIE, Plaintiff-Respondent,**

v.

**Byron OGILVIE, Defendant,
and
Bertha May Welland, Defendant-Appellant.**

**No. 34298.**

Missouri Court of Appeals,
St. Louis District.

Oct. 6, 1972.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Nov. 10, 1972.

Frank W. May, Desloge, Dearing, Richeson, Roberts & Wegmann, by John A. Schneider, Hillsboro, for defendant-appellant.

Limbaugh, Limbaugh & Russell, by Rush Limbaugh, Don U. Elrod, Cape Girardeau, for plaintiff-respondent.

CLEMENS, Judge.

The sole issue here is whether defendant-appellant Bertha May Welland's promise to "aid and assist" co-defendant Byron Ogilvie in paying his promissory note, payable to plaintiff Mary Ogilvie, is so vague and uncertain a promise as to be unenforceable against her. We hold it is and reverse the trial court's $3,000 judgment against defendant-appellant Bertha May Welland.

Before Mary Ogilvie filed this action against Byron Ogilvie and Bertha May Welland the Ogilvies had been divorced. In compliance with their marriage settlement Byron executed a $3,000 promissory note payable to Mary. At that time Mary believed she had a cause of action against Bertha for alienating Byron's affections. Mary and Bertha executed a separate agreement which is the basis of this suit. Mary thereby released Bertha from liability for alienation of affections and Bertha agreed "she will aid and assist Byron Ogilvie in the payment of [his $3,000 promissory note]."

Upon default in payment Mary sued Byron on the promissory note and Bertha on her promise to "aid and assist" Byron in making payment. Judgment went against both defendants in the court-tried case. On appeal Byron does not challenge the judgment against him, but Bertha makes the congruent contentions that (1) her promise to "aid and assist" in paying Byron's note is too indefinite and uncertain to constitute an enforceable contract and (2) the language fails short of making Mary a guarantor of Byron's note. We agree.

■ It is fundamental law that for an agreement to be binding it must be definite and certain. Bay v. Bedwell, Mo.App., 21 S.W.2d 203 [1–3]. It must be sufficiently definite to enable the court to determine its exact meaning and to definitely measure the extent of the promisor's liability. Bengimina v. Allen, Mo.App., 375 S.W.2d 199 [3, 4].

■ Here we cannot determine the nature or amount of aid and assitance required from Bertha. Is she obligated to pay the entire amount? One-half? One-third? The agreement does not say. To hold Bertha responsible for a breach of contract, we must be able to ascertain the amount of damages Mary is entitled to receive from Bertha. This we cannot do. Shofler v. Jordan, Mo.App., 284 S.W.2d 612 [7, 8].

■ Nor can we accept Mary's contention that Bertha is liable as a guarantor of Byron's note. Her cited cases, such as Sebastian County Coal and Mining Company v. Mayer, 310 Mo. 104, 274 S.W. 770 [5] and Zoglin v. Layland, Mo.App., 328 S.W.2d 718 [2–5], were based on either a clear acknowledgment of responsibility for performance or actually used a form of the word "guaranty." The words "aid and assist in payment" cannot be so interpreted. The trial court erred in rendering judgment against Bertha May Welland.

The judgment against Byron Ogilvie is affirmed and the judgment against Bertha May Welland is reversed.

BRADY, C. J., concurs.

KELLY, J., dissenting in separate opinion.

KELLY, Judge (dissenting).

I respectfully dissent.

The issue in this appeal is whether the phrase "aid and assist in the payment of all consideration stated herein to be paid to First Party" in an agreement between Mary Ogilvie, as the First Party, and Bertha May (Welland) Ogilvie, as the Second Party, is so vague and uncertain a promise to be unenforceable.

In reaching its conclusion that said phrase is so vague and uncertain the majority opinion, I believe, has failed to give due consideration to certain fundamental rules of the law of contracts and has considered the phrase out of context and without regard for the circumstances surrounding the execution of the agreement.

The agreement here under scrutiny was made in contemplation of a then pending divorce action between Mary Ogilvie and Byron S. Ogilvie and a property settlement agreed upon between the parties to the divorce action whereby Byron S. Ogilvie agreed to pay Mary Ogilvie the sum of $5,000, payable $2,000 in cash on the date the divorce decree was entered and the balance by executing a promissory note in the sum of $3,000—the same note which formed the basis for the judgment in this case against Byron S. Ogilvie. All of these facts are set out in the agreement. Mary Ogilvie agreed to release Bertha May (Welland) Ogilvie from any claim for damages she, Mary Ogilvie, might have against Bertha May (Welland) Ogilvie for "alienations of affections or any cause of action which may arise from such claim." As consideration for the foregoing, Bertha May (Welland) Ogilvie undertook to "aid and assist in the payment of all consideration herein to be paid to First Party."

Mary Ogilvie has performed her part of the agreement; she has not pursued an alienation of affection suit and the statute of limitations is now a bar to any such action. Section 516.120(4), V.A.M.S.; Farrow v. Roderique, Mo.App., 224 S.W.2d 630, 635. "The law leans against the destruction of contracts, particularly where one of the parties has performed his part of the contract. Furthermore, the rule is held to be that the definiteness of a contract is determined as of the time it was made; it cannot be made definite by any act of the party after it was made." 17 Am.Jur.2d, Contracts, § 76, pp. 414–415.

Professor Corbin, 1 Corbin on Contracts, § 95, p. 400 states: "If the parties have concluded a transaction in which it appears that they intended to make a contract, the court should not frustrate their intention, if it is possible to reach a fair and just result, even though this requires a choice among conflicting meanings and the filling of some gaps that the parties have left."

"To aid means to give help or support to, further, facilitate, assist, contribute to, be of use, help." United States v. 2000 Plastic Tubular Cases, D.C., 231 F.Supp. 236, 239.

"To 'assist' is to lend aid to; to help." Peabody v. Town of Holland, Vt., 107 Vt. 237, 178 A. 888, 889.

In Allmon v. Allmon, Mo.App., 306 S.W.2d 651, 655 "payment" was defined as "discharge *in money* or its equivalent of an obligation or debt owing by one person to another, [and it] is made by debtor's delivery to creditor of money or some other valuable thing . . . ."

"Discharge" is "a general word covering all methods by which a legal duty is extinguished." State ex rel. Smith v. City of Springfield, Mo., 375 S.W.2d 84, 92.

Viewed in the light of the principles of law and definitions supra, this phrase can logically be read that Bertha May (Welland) Ogilvie will help discharge, i. e., extinguish, the debt created by Byron Ogilvie when he entered into the promissory note payable to Mary Ogilvie as part of the property settlement in the divorce action if he fails to pay the note as the installments become due.

The majority states that it cannot determine the nature or amount of aid and assistance required of Bertha May (Welland) Ogilvie. Read in the context of the entire agreement, and giving due consideration to the circumstances surrounding the execution of the agreement, I believe it should be read, "help (aid and assist) in the extinguishment (payment) of *all* consideration herein to be paid to First Party." If something is "extinguished" it is satisfied or voided.

To so hold constitutes Bertha May (Welland) Ogilvie a guarantor. The majority concludes that this cannot be done under the terms of this agreement. Without citation of any authority this conclusion is reached. An effort is made to distinguish Sebastian County Coal and Mining Company v. Mayer, 310 Mo. 104, 274 S.W. 770 [5] relied on by Plaintiff-Respondent, because there was a clear acknowledgment of responsibility for performance; however, in Sebastian the court looked to the correspondence and surrounding circumstances to construe the agreement between the parties. And, at p. 773 [3] the court said: "If the letters are doubtful or dubious in meaning, then no rule is better settled in this state than the one which says we can go to extraneous matters to determine the meaning."

Other courts have liberally construed language to reach an obligation of guaranty against a contention that it was too vague and uncertain. In Page Trust Co. v. Wachovia Bank and Trust Co., N.C., 188 N.C. 766, 125 S.E. 536, 37 A.L.R. 1368, a letter containing the following was held sufficient to constitute a guarantee: "We consider these notes perfectly good, and will see that they are promptly taken care of at maturity." And a letter containing the following: "Please send my son the lumber he asks for, and it will be all right"

was held to bind the father as a guarantor of payment for lumber delivered to the son at the time of presentation of the letter. Birdsall v. Heacock, 32 Ohio St. 177, 30 Am.Rep. 572.

The amount of damages upon breach of this agreement is easily determinable if this view of the agreement is adopted. ". . . . that is certain in law which can be made certain." Klaber v. Lahar, Mo., 63 S.W.2d 103, 107. Here the maximum amount of exposure was set out in the agreement—$5,000.00 Byron S. Ogilvie paid Mary Ogilvie $2,000.00 in cash on the day the divorce decree incorporating by reference the property settlement was entered. Both the promissory note executed by Byron S. Ogilvie and this agreement were also executed on the same date. Mary was subsequently paid $60.00 by Byron Ogilvie. Therefore, Bertha May (Welland) Ogilvie's liability can be calculated by crediting her with the single payment and rendering judgment for the full amount of the balance due and owing.

Shofler v. Jordan, Mo.App., 284 S.W.2d 612 is not controlling in this case. In Shofler the promise sought to be enforced was an alleged express oral contract where plaintiff was encouraged to ride a sorrel mare which was skittish. After he expressed his reluctance to ride the mare because he couldn't afford to take any chances, defendant told him that if he would ride the mare "We will take care of anything in the event that something does happen." The court held that his expression was too indefinite and uncertain even if it related to *financial care* because that could mean to encompass not only reimbursement for expenses and lost wages, but also payment for physical pain and mental anguish resulting from any injury. The court, however, did say, p. 614; "Likewise, it has long been settled that, for a contract to be valid or enforceable, the essential terms thereof must be certain or *capable of being rendered certain* through application of the ordinary canons of construction or *by reference to something certain . . . . .*" (Emphasis supplied.) Reference here is available in the agreement itself and the property settlement incorporated in both the divorce decree and . the agreement here in issue.

While the contract here is no model to be emulated the court could, from circumstances surrounding the execution of the agreement and the relative positions of the parties, and in accord with fundamental principles of contract law construe the phrase in its entirety as a contract of guaranty and affirm the trial judge, as I would do.