**DAMON ALARM CORPORATION, Plaintiff-Respondent,**

v.

**The ECONOMIC DEVELOPMENT CORPORATION, Defendant-Appellant.**

**No. KCD 28660.**

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

Richard L. Colbert, North, Colbert & Fields, Kansas City, for defendant-appellant.

Bernard Eveloff, Kansas City, for plaintiff-respondent.

Before DIXON, P. J., and WASSER-STROM and TURNAGE, JJ.

DIXON, Presiding Judge.

Initiated in the Magistrate Court and appealed to the Circuit Court, this suit on a contract resulted in a judgment by the Circuit Court sitting without a jury for plaintiff in the amount of $508.75. The single dispositive issue is the validity of the contract.

The purported agreement was marked as an exhibit but is not contained in the transcript and has not been filed in this court. Enough appears from the testimony to permit the disposition of the claim of invalidity. The agreement was a standard form and was executed by both parties. It provided for the installation and servicing of a "central station burglar alarm and hold up alarm system as specified on the schedule on the reverse side." Nothing was shown on the schedule on the reverse side. The

defendant paid an installation charge and monthly charges of $27.50 as provided in the agreement for 25 months. The agreement was for five years. Thirty-three months remained of the five-year term when the plaintiff removed the system at the request of defendant. Defendant had not paid the $27.50 for the last two months the "system" was in place. Plaintiff gave as a "profit" figure one-half of the 33 remaining payments or $453.75. The judgment is for that profit figure and the $55.00 in payments due when the "system" was removed. Plaintiff admitted there was no acceleration clause in the contract. The termination clause was recited in evidence. It provided for a right of cancellation when a fire or other catastrophe destroyed either the plaintiff's ability to render service or the defendant's business. Although the evidence is conflicting as to how the cessation of service occurred, it was, in fact, terminated when the equipment was removed by the defendant. As noted, there was no acceleration clause and in view of the ultimate disposition of this appeal, there is no necessity for relating the conflicting claims as to the reason for the removal of the equipment.

The initial point presented by defendant is that the trial court erred in finding for plaintiff because the contract was invalid because it was uncertain and incomplete. The point was presented to the trial court on the specific ground that the contract was uncertain and incomplete because the equipment was not described in the schedule. The trial court concluded that since there had been performance under the agreement that was "not an issue" in this case. The court, in effect, declared the law to be that the admitted performance for 27 months of some sort of "service" removed the defense of invalidity of the contract because of its incompleteness as to the portion of the agreement which was still executory.

*Bengimina v. Allen,* 375 S.W.2d 199 (Mo. App.1964), is very close on its facts to the instant case and declares the law to the contrary. There, the plaintiff was to install coin operated musical equipment. The agreement recited, "The following equipment is to be installed," and none was listed. Some sort of equipment was installed and removed on the defendant's demand. The trial court denied recovery, and, on appeal, that ruling was affirmed. The court said, l. c. 203:

"It is essential to a contract that the nature and the extent of the obligations be certain. If an offer is so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance cannot result in an enforceable agreement. 17 C.J.S. Contracts § 36(2), pp. 647–651; *Burger v. City of Springfield,* Mo.Sup., 323 S.W.2d 777.

It is the general rule and the law in Missouri that 'A written agreement may be uncertain because of blanks left therein, '_ _ _ 17 C.J.S. Contracts § 36(2), p. 654; and that 'A writing is incomplete as an agreement where blanks, as to essential matters, are left in it unless they can be supplied from other parts of the writing itself'. 17 C.J.S. Contracts § 65, p. 742. Also see *Huttig v. Brennan,* 328 Mo. 471, 41 S.W.2d 1054, which quotes the foregoing statements with approval.

In *Huttig v. Brennan,* supra, the subject of intended contract was certain property which was only generally referred to in the writing but left for identification and description by exhibits to be attached and 'made a part of the contract'. The exhibits 'were not then or ever attached'. Under the authority of the rule that a writing is incomplete as an agreement where blanks as to essential matters are left in it, the court held that the document concerned was not a contract and stated, 'In short, if one of the parties is not bound, neither is. Therefore, if there was no agreement or understanding as to what property respondent and Quinby were contracting for, there was no meeting of their minds on the *essential part* of the contract'.

In this case, as in the *Huttig* case, the blank space left in the writing amounts to a fatal omission that prevents it from

being a contract. Since no item of equipment to be furnished by plaintiffs is named or identified, there was no understanding or agreement as to what the parties were contracting for and there was no meeting of their minds of the subject matter—an element essential to a valid contract."

The specific issue of performance of the agreement for a portion of the term was also considered and ruled in *Bengimina*:

"Plaintiffs also suggest that part performance of the terms of the writing has caused it to be a valid bilateral contract and enforceable as such. This argument is based upon the fact that some variety of automatic machine was actually installed and operated in defendants' premises until February 1, 1960, on which date the equipment was removed on defendants' demand. The rule of law which governs the instant question is stated in 17 C.J.S. Contracts § 100(3), pp. 802–803, as follows: 'While partial performance has been held to satisfy the requisite of mutuality, where the contract is signed by the party to be charged, at least to the extent that the contract is completed, mere part performance of a contract which is not binding on the parties does not make it binding as far as it remains executory'. Also see *Solace v. T. J. Moss Tie Co.*, Mo.App., 142 S.W.2d 1079, wherein the foregoing quoted statement from C.J.S. is cited and relied upon. We necessarily rule that the suggestion has no merit."

It follows that the trial court erroneously declared the law or erroneously applied the law, which requires reversal. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

This court enters the judgment the trial court should have entered. Rule 84.14. There is no dispute that plaintiff was entitled to the two months payments due when the equipment was removed.

The judgment is reversed, and the cause is remanded to enter judgment for plaintiff for $55.00.

All concur.