Charles L. WELLS and Grace Wells,
Plaintiffs-Appellants,

v.

Michael Andre PEERY,
Defendant-Respondent.

No. 45656.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 21, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

Application to Transfer Denied
Sept. 20, 1983.

James G. Wiehl, St. Louis, for plaintiffs-appellants.

Amy S. Rubin, St. Louis, for defendant-respondent.

DOWD, Judge.

Appeal from a civil action wherein plaintiffs-appellants filed a petition seeking damages for personal injuries arising out of an automobile accident with defendant-respondent. As an affirmative defense defendant raised the issue of an alleged rubber stamp release on the back of a check and moved for a separate trial on that issue alone. The motion was granted and the case tried resulting in a jury verdict for the defendant.

Plaintiffs set forth four points the third of which we find dispositive of this appeal. Specifically, plaintiffs contend the trial court erred in not granting their motion for a directed verdict at the close of all of the evidence or judgment notwithstanding the verdict because under Missouri law it is essential to a contract that the nature and extent of its obligations be certain and as the contract here is so illegible that essential terms are unascertainable it is unenforceable as a matter of law. We agree and the judgment is reversed.

We must review the trial court's actions on a motion for a directed verdict upon the premise that it should be granted only when all the evidence and reasonable inferences to be drawn therefrom are so strongly in favor of the moving party that there is no room for reasonable minds to differ. *Lake v. Farm Bureau Mutual Insurance Company*, 624 S.W.2d 28, 29 (Mo. App.1981).

In the present case, plaintiff Wells notified defendant's insurance company (hereinafter State Farm) of the accident and was advised to provide estimates on the damage to his car. Plaintiff complied with this request and when he received no further response from State Farm he contacted his own insurer the Automobile Club of Missouri (hereinafter AAA). He advised them of the property damage to his car and that he had been injured in the accident. AAA paid for the repairs to plaintiff's automobile and subrogated his claim to State Farm for said repairs. After contacting State Farm, AAA received a check for the exact amount of the repairs made out to AAA and plaintiff Charles Wells. Said check was forwarded to plaintiff with instructions for him to endorse it and return it to AAA. Plaintiff and the AAA insurance agent involved with his case testified they believed the check was solely for the damage to his automobile. There is no question that plaintiff's signature appears on the check below a rubber stamp consisting of some legible and illegible language in small print which purported to release defendant for property damage and bodily injuries whether known or unknown. Set forth herein is a photocopy of the rubber stamp marking in question.

FOR DEPOSIT ONLY

Pay Boatmen's National Bank
St. Louis, Mo., p. order7

OCT 2 3 1977

DEFENDANT'S EXHIBIT
12-15

■ The question before us is whether the purported rubber stamp herein is so patently illegible and replete with fatal omissions of essential terms that we must find it void as a matter of law. Our extensive research revealed no cases directly on point. However, a document termed a release is in essence a written contract of compromise and settlement and it is well established in Missouri that before a contract can be binding, the nature and extent of its obligations must be certain. *Damon Alarm Corp. v. Economic Development Corporation*, 555 S.W.2d 694, 695 (Mo.App. 1977); *Stahly Cartage Company v. State Farm Mutual Automobile Insurance Company*, 475 S.W.2d 438, 441–442 (Mo.App. 1971).

■ After our review of the purported rubber stamp release and the testimony elicited at trial, we hold the alleged release was illegible and uncertain, and consequently unenforceable as a matter of law.

While the record reveals no testimony supporting plaintiff's assertion that the rubber stamp was totally illegible, it does establish the fact that essential portions of it were illegible and uncertain. Several witnesses including the plaintiff and employees from both insurance companies testified they could not read certain portions of the release. Specifically, when attempting to read the alleged release, Jill Iden, a State Farm agent at the time the original claim was filed, testified that the first three lines read:

The undersigned payee accepts the amount of this payment in full settlement of 'something' claims for damages to property and for bodily injury whether known or unknown which payee ... 'and then there's one word I don't know, I couldn't read.'

Mary Kay Moore, a AAA claims agent involved in this case testified she could not read the entire release. Finally, another State Farm agent when attempting to read the rubber stamp, in essence, testified he

could not read the stamp as to what claims were released and whom the release would benefit.

 Defendant argues plaintiff was under a duty to investigate the terms of the rubber stamp before signing it and that consequently he is bound by the release. *Sanger v. Yellow Cab Company, Inc.,* 486 S.W.2d 477 (Mo. banc 1972) seems to support this proposition. However, *Sanger* specifically dealt with a plaintiff who simply failed to read a completely legible release. There were no allegations of illegibility and both the issues of bodily injury and property damage had been discussed by both parties. Moreover, the plaintiff in *Sanger* was compensated for bodily injuries and was complaining about the amount of the settlement when she later discovered her injuries were more severe. In the instant case we have a rubber stamp in small print with several illegible words on the back of a check for the exact amount of the repairs to plaintiff's car. As the check was made out to both the plaintiff and AAA, plaintiff was instructed to endorse it and return it to AAA so they could recover the money they paid for the repairs to plaintiff's automobile. At no time did plaintiff discuss any personal injuries with State Farm so as to lead him to believe he was settling all possible claims. In fact, not only had AAA informed him they could not subrogate any personal injury claim, but a AAA agent testified she was under the impression that only the property damage claim was being settled. We do not condone the negligent signing of a contract. However, this is a case where a release containing numerous illegible words coupled with the facts surrounding its endorsement could lead the plaintiff to believe he was only releasing claims for the property damage to his car. We believe all of the evidence indicates the release was patently illegible and that it could not have apprised the plaintiff of his obligations, whom it was releasing, and exactly what claims were being released. It is the policy of the law to encourage freedom of contract and the peaceful settlement of disputes. However, to hold otherwise would establish a harmful

precedent not only as to personal injury claims but as to releases and contracts in general. We cannot hold the plaintiff bound to an illegible release for bodily injuries which was stamped on the back of a check in the exact amount of the property damage to plaintiff's car. Furthermore, we cannot hold plaintiff to a duty to investigate without also holding the defendant to a duty to clearly display the release. We decline to place the full burden on the plaintiff. We are of the opinion and would generally agree with defendant that plaintiff should be bound by his own bargain in a settlement fairly entered into. If said release were totally legible there is no question that plaintiff would be bound, as a unilateral mistake is not a defense to a valid release. *Stahly Cartage Company v. State Farm Mutual Automobile Insurance Company,* 475 S.W.2d at 438. However, the issue here is the validity of the release itself, and its illegible and unclear nature renders it unenforceable. The trial court should have ruled the alleged release was void as a matter of law, and directed a verdict in favor of the plaintiff on the release only. The judgment is reversed and the cause remanded for further proceedings.

SNYDER, P.J., and KAROHL, J., concur.