Mary Eloise McHENRY, Executrix of the Estate of John McHenry, d/b/a McHenry & Grahn Plumbing and Heating Co., Plaintiffs-Appellants,

v.

Thelma CLASPILL and Richard Claspill, Defendants-Respondents.

No. 36225.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 21, 1976.

Strubinger, Dowd, Haseltine & Wilbers, St. Louis, for plaintiffs-appellants.

Charles G. Kratovil, St. Louis, for defendants-respondents.

DOWD, Judge.

This suit for payment of a plumbing bill was based on a theory of novation. Plaintiff, Mary Eloise McHenry, appeals from an adverse judgment of this court tried case. The trial court did not state reasons for its judgment but determined from the stipulated statement of facts, which incorporated certain exhibits by reference, that judgment should be rendered in favor of the defendant.

The parties stipulated that on January 24, 1966 a Mr. Arthur Ott died, leaving as his sole heir Thelma Claspill, the co-defendant. Mrs. Claspill was appointed executrix of her father's estate, which included property at 4562 and 4562a Adelaid Avenue, St. Louis, Missouri. Prior to Ott's death a plumbing partnership, McHenry and Grahn Plumbing and Heating Company, did plumbing work for the deceased. Ott paid a portion of the bill but at his death a bill in the amount of $497.22 remained unpaid. The plaintiff, Mrs. McHenry, the executrix of her husband's estate which held the assets of the partnership, filed suit to collect the amount owing on the bill.

On January 26, 1966, the evening of Ott's wake, Mr. and Mrs. McHenry spoke with the co-defendants, Mr. and Mrs. Claspill, at the funeral home about the plumbing bill. The parties disagree as to the content of that conversation. In his pleading, plaintiff alleges that the defendants agreed to assume the obligation for the bill in their individual capacities, if plaintiff would discharge the estate and Mrs. Claspill in her capacity as executrix. The parties stipulated that no claim was made against the estate, nor was a mechanic's lien filed against the property on Adelaid. The plaintiff alleges that this lack of action was the consideration for the substitution of debtors, but the defendants denied this allegation in their answer. As evidence of the content of the conversation at Ott's wake, plaintiff submitted: (1) a business card of the partnership, allegedly presented to the Claspills at the wake, upon which Mr. Claspill allegedly wrote his address and upon which was noted "Address to mail bill" and (2) an itemized plumbing bill dated January 30, 1966 sent to the address on the card with the heading "Re: Estate of Arthur J. Ott."

In February, 1967 the plaintiffs consulted an attorney who contacted Mrs. Claspill on several occasions about the bill. On March 6, 1967 Mrs. Claspill· authorized a letter to be written for her to the plaintiff's attorney, stating she would send him $25.00 per month, starting on April 21st, until the matter was cleared up. She stated in the letter that this action was pursuant to "an agreement" with the attorney. Only one $25.00 payment was made. On August 28, 1967 a check was forwarded, received, cashed and credited to the plumbing bill. After refusing plaintiff's demands for further payments, this suit resulted.

Plaintiff brought her action on the theory that Mr. and Mrs. Claspill are liable to the partnership in their individual capacities because there was a novation of the original contract. Absent proof of novation, the judgment of the trial court is correct because the partnership's remedy on the plumbing bill against Ott's estate has lapsed.

Proof of novation requires a showing of four essential elements: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, and (4) the validity of the new one. *General Insurance Company of America v. Klein*, 517 S.W.2d 726, 730[6] (Mo.App.1974). A novation is never presumed, and the burden of proof rests upon the one asserting it. The controlling element in determining whether a novation has been accomplished is the intention of the parties. *W. Crawford Smith, Inc. v. Watkins*, 425 S.W.2d 276, 279[6, 7] (Mo.App.1968). The burden may be met by direct evidence or by reasonable inference of the intent of the parties drawn from the facts and circumstances. Assent to novation may also be proven circumstantially. *W. Crawford Smith, Inc. v. Watkins*,

*supra* at 279[8, 9]. To sustain the burden of proof, the assertor must prove novation by clear and convincing evidence. *General Insurance Co. of America v. Klein, supra* at 730[9]; *Relles v. Wines*, 416 S.W.2d 19, 22[2, 3] (Mo.App.1967).

■ In rendering its judgment for the defendants the trial court did not state its reasons. The judgment in a court tried case will be affirmed if it can be sustained on any reasonable theory. *Simpson v. Spellman*, 522 S.W.2d 615, 617[1] (Mo.App. 1975); *In re M———— K————*, 493 S.W.2d 686, 688[3] (Mo.App.1973). Further, when a case comes to the reviewing court on stipulated facts, review is made to determine whether judgment is a proper legal conclusion upon the facts stipulated, provided that all ultimate facts or factual inferences have been stipulated. If, however, ultimate facts or factual inferences exist to which the parties have not stipulated, the court reviews conceded facts in a light most favorable to the respondent and disregards inferences favorable to appellant. *Adams v. White*, 488 S.W.2d 289, 293[10] (Mo.App. 1972); *Semo Motor Co. v. National Mutual Insurance Co.*, 383 S.W.2d 158, 161 (Mo.App. 1964).

■ While the existence of a prior valid obligation is conceded, there is no stipulation to the ultimate facts which prove the other essential elements of novation. The intent of the parties to extinguish the old contract or create a new contract is in dispute, and the stipulated facts do not clearly and convincingly establish the essential elements of novation as required by *General Insurance Co. of America v. Klein, supra*. Nor is the validity of the new contract proven. Therefore, we must review the conceded facts in a light most favorable to the defendant. *Adams v. White, supra*.

Proof of intent is limited to the business card, the itemized bill, the letter, and the check. There is nothing about the bill or business card which compels a finding that the parties intended a novation. The letter to the plaintiffs' attorney, written fourteen months after the wake, makes reference to "my agreement with you," but in no way shows an agreement was made the night of the wake. The more reasonable inference is that the "agreement" referred to in the letter arose from conversations with the plaintiff's attorney in February, 1967. Nor does the fact that the check was dated the day after Mrs. Claspill was discharged as executrix prove intent. The importance of this fact is negligible in light of the terms of "the agreement" set out in the letter, which called for payments to begin six months earlier. Finally, while it is conceded that the plaintiff failed to exercise her remedies against the estate, the fact that the plaintiff failed to make any contact with the defendants for thirteen months after the night of the wake makes reasonable an inference that the plaintiff was unaware of his remedies or was otherwise unwilling to pursue them.

■ The validity of the alleged new contract is also not shown by the stipulated facts. Novation is subject to the same rules of evidence as other contracts and must be proved as other contracts are proved. 66 C.J.S. *Novation* § 26 (1950). It it a fundamental principle of contract law that for an agreement to be binding, it must be sufficiently definite to enable the court to determine its exact meaning and to definitely measure the extent of the promissor's liability. *Ogilvie v. Ogilvie*, 487 S.W.2d 40, 41[1] (Mo.App.1972). The evidence fails to show the terms of the oral contract. The only terms for which there is written evidence is the letter which promises to pay "$25.00 per month starting April 21st *until this matter is cleared up*". (Emphasis added) While the itemized bill makes certain the extent of the liability to Ott's estate, novation requires the extinguishment of the original contract and the creation of a new one. *General Insurance Company of America v. Klein, supra* at 730[6]. The extent of the co-defendant's liability under the new agreement is nowhere proven and the requirement of a new valid contract has not been met.

Based on the evidence on the record we find that the trial court reached a proper

legal conclusion. The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.