**George E. CALLEN, d/b/a G. E. Callen Company, Respondent,**

v.

**Forrest Franklin WALLIS, d/b/a Wallis Cabinet Shop, and d/b/a Gallery of Kitchens, Defendant,**

**and**

**Wales and Webb Construction Company, Inc., Appellant.**

**No. 29662.**

Missouri Court of Appeals, Western District.

April 2, 1979.

R. Frederick Walters, Kansas City, for appellant; Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, of counsel.

Michael E. Callen, Kansas City, Witt & Shafer, Platte City, for respondent.

Before HIGGINS, Special Judge, Presiding, and WELBORN, Special Judge, and PRITCHARD, J.

PRITCHARD, Judge.

Respondent recovered judgment against appellant (Wales) and defendant jointly for furnishing a fourth shipment of kitchen cabinets, alleged to have been unpaid, in the amount of $5,460.51. The essence of Wales' several contentions here is that there was no reasonable theory, contract or otherwise, supported by substantial evidence, upon which the judgment can be affirmed.

Wallis, being in the cabinet business, contracted with general contractor, Wales, to supply the kitchen cabinets and formica tops for the Sherri Estates project in Marshall, Missouri, for $26,555. Wallis was going to procure the cabinets from respondent, and the formica tops from America Laminates. He agreed to pay respondent about $24,000, to which about $700 was added because of the architect's changes. The cabinets were to be delivered to the job site in four shipments. The first and second shipments were delivered on October 17 and November 5, 1973. Respondent had not been paid for the shipments so he contacted Wales that he would not continue shipments until he received some payments. Wales directed its bookkeeper to call respondent and tell him that Wales would pay him directly for these cabinets, Buford Wales testifying that this was done to make sure that there was no stoppage on the project. Respondent received that call on November 19, 1973, and delivered the third shipment of cabinets on November 28, 1973, billing Wales therefor. Respondent was paid by Wales for the first and second shipments on December 8, 1973, and for the third shipment on January 23, 1974. He delivered the fourth shipment on December 13, 1973, and billed Wales therefor, but was never paid for it. Wales claimed that it made the final payment to Wallis, and that payment is the subject of respondent's suit against both Wales and Wallis. Wales filed a cross-claim against Wallis, for which judgment was given for $5,430.45.

Wales first says that the judgment is against the weight of the evidence in that it and respondent did not agree or intend to agree that Wales would pay respondent the amount it was charging Wallis for the cabinets. The contention ignores the evidence above that respondent contacted Wales and advised that no more cabinets would be shipped until he received some payments. Wales in return advised respondent that it would pay directly, and Wales did so, not only for the amounts in arrears for the first two payments for completed shipments, but also for the third shipment. The benefit was directly to Wales in that it avoided stoppage of its project, which was the purpose of its offer. In the very similar case

of *Carvitto v. Ryle*, 495 S.W.2d 109 (Mo. App.1973), where an owner who being told by plaintiff subcontractors that because they were fearful of not being paid by the general contractor they would pull off the job, assured them, " 'You boys don't do that. I'll see that you get your money.' " The owner asked them to finish the job. Held, loc. cit. 495 S.W.2d 113[3], "This arrangement contained all of the necessary elements of a simple contract, including consideration as so basically defined in *Charles F. Curry & Co. v. Hedrick*, 378 S.W.2d 522 (Mo.1964) * * *." Further on the lack of consideration, a point urged by Wales, and ruled in Carvitto, see *Flanagan v. Hutchinson*, 47 Mo. 237 (1871), where plaintiff sold a quantity of wheat to Hesse, who sold it to defendant, who in turn promised to pay and did pay a part of Hesse's debt to plaintiff. Suit was for the balance due. Held, the sale of the wheat by Hesse to defendant was a good and sufficient consideration for the promise. It is not a valid contention that there was a lack of consideration because Wales was entitled to delivery of the cabinets pursuant to its contract with Wallis, and respondent was obligated to deliver cabinets under his contract with Wallis. Under the evidence, Wallis had not paid respondent. The inference is present that he did not do so because Wales had not paid him. To assure no work stoppage and continued deliveries, Wales promised to pay respondent direct, which it did on three shipments. The consideration then flowed directly between Wales and respondent. The matters referred to above are sufficient to support the trial court's judgment upon the theory that a contract, supported by sufficient consideration, was made and completed by respondent's deliveries of cabinets. The judgment in a court-tried case will be affirmed if it can be sustained on any reasonable theory. *McHenry v. Claspill*, 545 S.W.2d 690, 693[7-8] (Mo.App. 1976). The trial court made no findings of fact or conclusions of law, so it is unnecessary to speculate as to other theories urged by Wales in its remaining four points: That no novation was created; that the theory was that respondent was a third party ben-

eficiary; that the recovery was granted on the theory of quantum meruit; that there was no consideration for modification; or that there was no meeting of minds that Wales and Wallis would be jointly liable. Note that there was no evidence of an agreement among the three parties that Wallis would be released from his liability, as by a novation. Cf. *Oddo v. Associated Wholesale Grocers, Inc.*, 387 S.W.2d 169, 173 (Mo.App.1965).

The judgment is affirmed.

All concur.