AMERICAN SAMAX CO., a Missouri Corporation, d/b/a American Body & Equipment Co., Plaintiff-Respondent,

v.

CLIFF PACKER CHEVROLET, INC., an Arkansas Corporation, Defendant-Appellant.

No. 10559.

Missouri Court of Appeals, Southern District, Division One.

Oct. 9, 1979.

Maynard E. Cohick, Republic, for defendant-appellant.

Donald E. Woody, Taylor, Stafford & Gannaway, David L. Smith, Woolsey, Fisher, Whiteaker & Stenger, Springfield, for plaintiff-respondent.

GEORGE HENRY, Special Judge.

This is an appeal by defendant from a judgment for plaintiff entered by the Circuit Court of Greene County in a court-tried case. Suit was upon account with a defense of accord and satisfaction. We affirm.

Plaintiff is in the business of modifying and customizing trucks. Defendant is an automobile and truck dealer at Sheridan, Arkansas. Defendant had sold a new truck to a Tennessee lumber dealer who wanted the truck equipped with a twenty-six foot flat dump bed, hoist and "headache rack" suitable for hauling and dumping lumber. Defendant employed plaintiff to customize the truck at its Springfield location. Plaintiff did the work and delivered the customized truck to defendant in Arkansas. Defendant, in turn, delivered the truck to its customer in Tennessee. Shortly after being put into use, the dump bed and hoist gave way as the first load of lumber was being dumped. The lumber dealer called Cliff Packer, president of defendant corporation, for instructions on making repairs. Packer talked with Ron Poage, manager for plaintiff. Poage testified "Cliff (Packer), the truck's in Nashville, Tennessee. If it can be fixed for two hundred dollars, go ahead and do it." Packer testified that Poage authorized repairs without cost limitations. Defendant's customer had repairs made and sent defendant the repair bill in the amount of $5,113.92. Defendant paid the bill. Plaintiff had also done other work for defendant and sent defendant three invoices totaling $8,449.00 (including one invoice in the amount of $2,431.00 for work done to customize the truck in question). Packer presented Poage a check made out to plaintiff for the amount of the three invoices ($8,449.00) less the amount defendant had paid for repairs to the damaged truck ($5,113.92).[1] Packer said he considered the invoices paid. Plaintiff cashed the check but on its following monthly statements, billed defendant for the $5,113.92 due on its account. Defendant did not pay and suit on account followed. Defendant's answer admits that $8,449.00 was owed on the three invoices but in defense plead defective installation of the bed and hoist and also that there was an accord and satisfaction in that plaintiff authorized repairs which plaintiff would pay for and that the accord was satisfied when defendant took credit for the amount of the repair bill. Defendant presented additional testimony from witnesses who had talked with or heard Poage make statements that plaintiff would pay the repair bill and that no cost limitation was mentioned. Defendant presented evidence as to the defective installation of the bed and hoist, as to which evidence plaintiff presented rebuttal. At the close of the evidence, defendant made an oral motion to amend its answer and to designate mislabeled defenses as counterclaims and to conform the pleadings to the evidence. Defendant was given a week to put its motion in writing. A formal motion followed, accompanied by a proposed amended answer and proposed counterclaim. The court granted leave to file the amended answer except a paragraph (previously admitted) denying that charges made in customizing the truck were fair and reasonable. Request to file the proposed counterclaims was denied. No request was made for findings of fact or conclusions of law. Judgment was for plaintiff for the full amount of its claim.

Defendant on appeal asserts two claims of error.

■ In this court-tried case we must sustain the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or un-

---

1. For some reason, not entirely clear from the record, the difference between these two amounts ($3,335.08) was not paid by defendant. Instead, defendant sent to plaintiff a check for $3,201.08, purportedly representing the difference between the total amount due on the three invoices and the cost of repairing the truck. The discrepancy of $134.00, due and owing to the plaintiff, is, however, accurately reflected in the final judgment at trial.

less it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976). The judgment in a court-tried case will be affirmed if it can be sustained on any reasonable theory. *McHenry v. Claspill*, 545 S.W.2d 690, 693[7] (Mo.App.1976).

■ Since no findings of fact or conclusions of law were requested or made we must assume all fact issues were found in accordance with the result reached. *Duley v. Leininger*, 527 S.W.2d 456, 458[2] (Mo. App.1975).

■ Defendant-appellant's first point is that the judgment is erroneous for the reason that defendant proved its affirmative defense of accord and satisfaction.

"An accord and satisfaction is the result of an agreement founded upon a legal consideration . . . , which, like any other contractual agreement, must be consummated by the assent or the meeting of the minds of the parties to the agreement. The agreement constituting the accord is that the debtor pay, and the creditor receive, a different consideration or a certain sum less than the whole amount of the debt in satisfaction of the larger sum." 1 Am.Jur.2d, Accord and Satisfaction, § 11, at 309. The trial court as trier of the facts could have believed Ron Poage when he testified for plaintiff that he never authorized anything costing more than two hundred dollars, in which event an accord was never reached.

Where the basic claim is liquidated and undisputed, as in the situation here where the three invoices totaled $8,449.00, some additional consideration is necessary to support the contract of accord and satisfaction. *Alaska Federal Savings & Loan Ass'n v. Hoffman*, 485 S.W.2d 118, 123 (Mo.App. 1972). Defendant's check in the sum of $3,201.08, delivered to and cashed by plaintiff, was for no more than defendant admittedly owed. The amount withheld was for the exact amount of the disputed sum (the $5,113.92 repair bill). Assuming the trial court found that the parties did agree and that plaintiff authorized the repairs without cost limitations, the trial court, as trier of the facts, could have found that, inasmuch as no part of the disputed amount was paid, there was no new or additional consideration to support the acceptance by plaintiff of a lesser amount than it claimed was due. We rule the first point against appellant.

■ Defendant-appellant's second point is that "the court erred in its denial to grant leave to appellant to file 'Proposed Counterclaim' in that the counts thereof constituted issues tried by implied consent as defined by Supreme Court Rule 55.33(b), which requires the court to treat such issues as plead." No express consent was given. A careful review of the record has convinced us that consent cannot be implied from the manner in which the case was tried. Defendant's proposed counterclaim was in five counts but defendant limited the argument portion of its brief to Counts I and II. Counts III, IV and V will be considered as having been abandoned. Count I alleged a breach of implied warranty of fitness for a particular purpose and merchantability. Count II asked damages for negligent installation of the dump bed and hoist. Testimony was presented by both plaintiff and defendant on the issue of fitness for a particular purpose and on the manner of installation of the bed and hoist. If such testimony was properly admissible upon the issue created by the pleadings, such testimony cannot be considered as implied consent to try counterclaims not pled. Plaintiff's petition alleges the furnishing of labor and materials to the defendant and an agreement to pay by defendant. Plaintiff alleges that the charges made were fair and reasonable and that, after allowing just credits, defendant owes the balance sued for. Defendant's amended answer at time of trial alleged that defendant's customer "was using said truck, and hoist installed therein, when due to the defective installation of said bed and hoist, the entire frame of said truck collapsed." Defendant's second amended answer, filed following trial with permission of the court, alleged that defendant was entitled to a recoupment in the amount of the repair bill on the truck because "plaintiff is a merchant dealing in the sale of truck attachments, including the

installation thereof, said merchant holding itself out to the public as having expertise in the area of said attachments and their installation," and the plaintiff, being aware of the intended use of the truck, "made implied warranties of fitness for a particular purpose and merchantability." Defendant's second amended answer again alleged defective installation of the bed and hoist. The evidence which defendant contends to have been relevant to the issues raised in its proposed counterclaim was equally relevant upon the issue of the fairness and reasonableness of the charge made by plaintiff and to defendant's affirmative defense of accord and satisfaction. In *City of Fredericktown v. Osborn*, 429 S.W.2d 17, 24[9] (Mo. App.1968), the St. Louis Court of Appeals (now Eastern District), in a case involving the assertion by defendant of an affirmative defense of the running of the statute of limitations which was not properly pleaded prior to trial, the court held that, "[A] plaintiff's consent to the trial of nonpleaded affirmative defenses should not be held to be implied unless it clearly appears that he tacitly agreed to join issue on such defenses." Said authority is equally applicable here. We rule the second point against defendant.

The judgment is affirmed.

FLANIGAN, C. J., TITUS, J., and CAMPBELL and BARKER, Special Judges, concur.