Andrew K. Bennett, Springfield, for plaintiff–respondent.

John S. Pratt, Springfield, for defendants–appellants.

**James R. BROOKS, d/b/a Cedar Ridge Portable Buildings, Plaintiff–Respondent,**

v.

**Curtis P. BROCKMAN and Helga Brockman, Defendants–Appellants.**

**No. 11677.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 25, 1980.

TITUS, Judge.

Plaintiff sued defendants, then husband and wife, in the Magistrate Court of Greene County for breach of contract in the sum of $1,250. When plaintiff had judgment in the sum prayed for, defendants appealed to the circuit court. That court, sitting without a jury, entered judgment for plaintiff in the sum requested. As no specific findings of fact were requested, none were made. Rule 73.01–1(b).[1] Defendants then appealed to this court.

On December 7, 1975, plaintiff and defendants executed a written agreement whereby plaintiff agreed to erect a 10′ × 20′ storage building on defendants' property. Although the building was considered "portable," it weighed 2,500–3,000 pounds. It was constructed in prefabricated sections at plaintiff's plant and those sections were

---

1. References to rules are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

transported to defendants' property where they were put together in final form and positioned on runners. The building was not permanently affixed to the ground, but to remove it from defendants' property would necessitate considerable effort as well as disconnecting a portion of a chain link fence surrounding defendants' back yard.

The written agreement itself is a printed form entitled "Proposal." Plaintiff filled in, in longhand, the appropriate blanks and spaces describing the building ordered by defendants and payment conditions. According to the precise language employed by plaintiff, "Rental" for the building was set at "$50.00 Per Month," and "After First & Last Paid 22 Payments Left." Beneath this appears a recount of the payment terms: "1st and Last Month Paid NOW . . . $150.00 . . . 1 WINDOW $25.00 DEL. 25.00 $50.00 EACH & EVERY MONTH FOR 24 CONS. MONTHS." Albeit somewhat confusing, this language seems to indicate that defendants were to pay initially $150, which sum was comprised of $25 for the window, a $25 delivery charge, and $50 for each the first and last months' "rental." This would leave defendants with 22 consecutive monthly payments of $50 each.

Even though the storage building was delivered and erected in accordance with the terms of the agreement, defendants failed to make any payments whatsoever to plaintiff. In June of 1977, defendants sold the premises, including the storage building. Some five months later, plaintiff brought the instant action.

At the circuit court trial, a primary controversy was whether the agreement between plaintiff and defendants was a contract for sale or lease of the building. Testimony was adduced in favor of both theories, but much was directly contradictory. Defendant–husband acknowledged that he had failed to pay plaintiff anything, and further testified that he believed the agreement encompassed a rental transaction, but that after two months discovered he could not afford to pay the rent, and thereupon notified plaintiff to pick up and remove the building, apparently in hope of limiting his liability to two months' rent or $100. Plaintiff, however, testified that defendants had never requested him to retrieve the building.

■ Similarly, on appeal, defendants assert that the trial court erred in finding for plaintiff on the grounds that plaintiff failed to prove the agreement constituted a sale. This point is not well taken. On review of a court–tried case, the trial court's judgment (where it actually saw and heard the witnesses in person) is presumptively correct, and the burden is on the defendants to demonstrate that the judgment is erroneous. *Model Housing and Development Corp. v. Collector of Revenue*, 583 S.W.2d 574, 577[5] (Mo.App.1979); *French v. Tri–Continental Leasing Co.*, 545 S.W.2d 345, 348[4] (Mo.App.1976); *Pallardy v. Link's Landing, Inc.*, 536 S.W.2d 512, 515[2] (Mo. App.1976). However, as noted above, in a bench–tried case, a party may request the trial judge to enter specific findings on controverted fact issues. Rule 73.01–1(b). If no specific findings are made, then the issues are considered to have been found in accordance with the court's final judgment. *American Samax Co. v. Cliff Packer Chevrolet, Inc.*, 588 S.W.2d 529, 531[2] (Mo.App. 1979). Thus, where no findings of fact are requested by the parties, there are no grounds to assert on appeal that any specific or implied finding constitutes error. *French* at 347–348[3]; *Pallardy* at 515[1]. Defendants' first point provides no basis for reversal.

Even though an appellate court, in reviewing a bench–tried case, is not constrained to sift through the transcript, legal file, and parties' briefs to develop a rationale for the trial court's holding, a gratuitous perusal of the transcript demonstrates that evidence sufficient to support the finding of a sale was adduced at trial. There was conflicting testimony on this point, but deference must be given to the trial court's opportunity to judge of the credibility of witnesses in resolving such conflicts. Rule 73.01–3(b); *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483[3] (Mo. banc

1980); *Zeller v. Janssen*, 569 S.W.2d 5, 6[2] (Mo.App.1978); *Kim Manufacturing, Inc. v. Superior Metal Treating, Inc.*, 537 S.W.2d 424, 428[3] (Mo.App.1976).

Likewise, even assuming, arguendo, that a lease was involved, rather than a sale, it was within the province of the trial court to discount defendant–husband's testimony that he had notified plaintiff to pick up the building. Rule 73.01–3(b); *Trenton Trust Co.* at 483[4]. Therefore, without attempting to speculate on the trial court's basis for its decision, there appear several legal routes by which it could have awarded plaintiff his requested relief. A judgment in a court–tried case should be affirmed if it can be sustained on any reasonable theory. *American Samax Co. v. Cliff Packer Chevrolet, Inc.*, supra, 588 S.W.2d at 531[1]; *McHenry v. Claspill*, 545 S.W.2d 690, 693[7] (Mo.App.1976); *Simpson v. Spellman*, 522 S.W.2d 615, 617[1] (Mo.App.1975).

Finally, defendants argue that the trial court committed error in finding for the plaintiff for the reason that, as defendants' own brief quizzically states, "defendants failed to prove" that the storage building was a fixture to defendants' real estate, and therefore passed to the buyers of the property upon their purchase thereof. It is difficult to comprehend the relevance of this contention. Regardless of whether or not the building became a fixture, this fact would not alter defendants' contractual liability to plaintiff. Thus, defendants' second point is of no avail in their quest in this court for a judgment of reversal.

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.