**Christine M. PONZE,
Plaintiff–Appellant,**

v.

**Jon Palmer GUIRL,
Defendant–Respondent.**

**No. 57000.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 14, 1990.

nied.

Joel B. Eisenstein, Maryella Stribling, Eisenstein & Smith, St. Charles, for plaintiff-appellant.

Richard A. Galosy, Daniel R. Schramm, Schramm & Pines, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the action of the trial court in entering a judgment notwithstanding the verdict in favor of defendant in this suit for breach of contract. We affirm.

Plaintiff, a college graduate with a degree in accounting, was in the process of obtaining a dissolution of her marriage when she met defendant. They dated for several months. Defendant was an airline pilot by trade but was able to support himself on the basis of investments without other employment. During the course of their dating defendant advised plaintiff that she could get a larger return on money she had invested in certificates of deposit by investing it in commodity trading at which defendant had been successful. Plaintiff, in middle August 1983, provided defendant with $14,100 to be utilized by him for trading in commodities. The money was placed in a larger account which included money from defendant and from his friends and relatives. The money was furnished to defendant in two transactions, the first occurring on August 10 in the

amount of $5,664.08, and the second shortly thereafter in the amount of $8,500.

Following the first transaction defendant furnished to plaintiff a document stating:

"Received from Christine M. Ponze $5,664.08 for the purpose of trading in commodities. No commission will be charged by myself. Losses and gains go directly to Ms. Ponze. A separate account will be established in her name as soon as possible. This money or the balance thereof will be returned to Ms. Ponze immediately upon her request."

Initially some gains were realized in the account but by the end of August severe reverses had occurred and the total account was seriously depleted. Defendant's uncontradicted testimony based upon statements of the account was that in excess of $70,000 was lost in August in the account. When plaintiff was advised that losses had occurred she demanded the return of her money. Defendant did not know how much of plaintiff's money remained in the account at the time of the demand, but testified at trial that it was $511.99. Plaintiff presented no evidence and makes no contention that that figure is inaccurate. Plaintiff testified at trial, and for purposes of this appeal we must accept as true, that defendant stated to her "if you let me continue to use your money, I will pay it all back to you with interest." To her inquiry "You mean all of it?" defendant replied "Yes, the full amount with interest."

This conversation occurred at some unspecified date after September 1, 1983. Plaintiff testified she felt she had no other choice and agreed. Defendant denied any such conversation. Throughout the month plaintiff continued to make demands on defendant for return of her money. Sometime prior to October 4 defendant sent plaintiff a check for $500 and a month later sent another check for a like amount. No other payments were made by defendant to plaintiff. In May 1984, defendant sent a letter to plaintiff in response to her request for a letter to indicate where her money had gone which she needed for estate planning purposes. That document stated:

"The undersigned herewith states his intent to repay to Christine M. Ponze the sum of thirteen thousand one hundred and zero dollars ($13,100) as soon as practicable or upon the sale of his stock in the General Automatic Transfer Company. Such repayment is to be inclusive of the prevailing certificate of deposit interest rates since 1 August '83."

Plaintiff's petition alleged that "during the month of August 1983, the Plaintiff lent to Defendant ... Fourteen Thousand One Hundred and 00/100 Dollars ... which said Defendant agreed to repay to Plaintiff on demand, with interest at the prevailing rate of interest for certificates of deposit since August 1, 1983." Plaintiff's verdict director hypothesized that "plaintiff and defendant entered into an agreement whereby plaintiff agreed to allow defendant to retain plaintiff's funds and defendant agreed to repay plaintiff the full amount of her funds ..."

Plaintiff testified at trial that the $14,100 was given to defendant for investment into the commodities market and that she understood that she could lose money or gain money as a result of those investments. The jury returned a verdict for plaintiff in the amount of $6,500. The trial court granted defendant's motion for judgment notwithstanding the verdict. This appeal followed.

The record established and plaintiff concedes that the original transaction involving the $14,100 was not a loan but rather was intended for investment in the commodities market. The receipt reflects, and plaintiff does not dispute, that any losses as a result of those investments would be borne by plaintiff. The receipt, which memorialized the agreement, further establishes and plaintiff does not dispute, that defendant's obligation under the agreement was to return immediately to plaintiff the balance of the funds at her request. Plaintiff's pleaded allegations upon which her lawsuit was brought were clearly refuted by her own testimony and evidence.

■ Plaintiff's jury submission, contrary to her pleaded allegations, was that a new contract was entered into by which defen-

dant agreed to return all of plaintiff's funds if plaintiff would allow him to retain the funds of hers still remaining in the account. Plaintiff did not plead a novation and in her brief here expressly denies that a novation existed. A novation is the substitution of a new contract or obligation for an old one which is thereby extinguished. *Moley v. Plaza Properties, Inc.,* 549 S.W.2d 633 (Mo.App.1977) [2]. Under the original agreement the only remaining obligation to be performed was for defendant to return the funds still in the account to plaintiff upon her request. Plaintiff's testimony was to the effect that the parties agreed to substitute for that performance a new agreement under which defendant would retain the money and repay plaintiff the full amount of her original investment. It is difficult to characterize this as anything other than a claim of a novation.

■ A novation is never presumed but must be pleaded and proved. *Robertson v. Vandalia Trust Co.,* 228 Mo.App. 1172, 66 S.W.2d 193 (1934) [1, 2]. The burden of proof is upon the party asserting the novation. *McHenry v. Claspill,* 545 S.W.2d 690 (Mo.App.1976) [1–6]. Four elements are required to establish a novation i.e. (1) a previous valid obligation, (2) the agreement of all parties to a new contract, (3) the extinguishment of the old contract and (4) the validity of the new contract. *Id.* A novation is subject to the same rules as any other contract and must be sufficiently definite to enable the court to determine its exact meaning and to definitely measure the extent of the promisor's liability. *Id.* [10–13].

■ Plaintiff's proof failed on at least two of the elements, 3 and 4. At no point did plaintiff testify to the time agreed by the parties for defendant's use of the funds in plaintiff's account. Throughout the month following this alleged new contract plaintiff continued to demand the return of her funds. Defendant paid her very nearly the entire amount of her remaining funds within a month and an additional equal amount a month later. Plaintiff by her conduct did not treat the retention of her funds as a loan for she continued to de-

mand its return. Nor did she establish any agreement of such definiteness to constitute a valid contract. No time was established for the "loan" and it is not reasonable to believe that defendant agreed to repay $14,100 for a $511.99 loan subject to immediate demand. Plaintiff neither pleaded nor proved a novation.

■ Plaintiff further points to the "letter of intent" as a basis for recovery. Initially it is to be noted that the letter is not a promise to pay. It expresses only an intention, not a promise. As such it is not covered by § 431.020 R.S.Mo.1986. Further it is totally without consideration. It was sent long after the alleged loan was made. Plaintiff admitted on the stand that she incurred no detriment to obtain the letter and defendant received no benefit for giving the letter. It was a totally gratuitous expression of something defendant hoped he could do for a lady who was a friend and with whom, plaintiff testified, he had had an intimate relationship. Defendant's testimony as a witness in plaintiff's case was to that effect. Nor did plaintiff plead the letter as the basis for her recovery, it was not offered as such at trial, and it did not form the basis for submission of the case to the jury. The letter was offered only as proof of the existence of a loan previously made. It did not establish the terms of the alleged novation. It cannot under the pleadings and proof form a basis for recovery.

Judgment affirmed.

GRIMM, J., concurs.

SATZ, P.J., concurs in result.